UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BACHAR KASSIS,

       Petitioner,

v.

KEVIN RAYCRAFT et al.,

       Respondents.

_____/

Case No. 1:26-cv-1723

Hon. Hala Y. Jarbou

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the Calhoun County Correctional Facility in Battle Creek, Calhoun County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

### **Discussion**

**I.**     **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, accept jurisdiction over this action and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.7.)

In an order entered on June 2, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

not be granted. (Order, ECF No. 3.) Respondents filed their response on June 5, 2026 (ECF No. 4.)[1] Petitioner filed his reply on June 9, 2026, (ECF No. 6).

## II.    Relevant Factual Background

Petitioner is a native and citizen of Syria. (Pet., ECF No. 1, PageID.3.) On May 15, 1988, Petitioner entered the United States on a visitor visa and overstayed his authorized period. (Suriano Decl. ¶ 4, ECF No. 4-1, PageID.29.) Petitioner married a U.S. citizen and adjusted his status to conditional permanent resident. (*Id*., ¶ 5.) On December 1, 2000, Petitioner filed Form I-751 to remove the conditional status of his permanent residency but failed to appear for his December 2002 interview with Immigration and Naturalization Service (INS) (*Id*., ¶¶ 6–7.) On October 2, 2003, United States Citizenship and Immigration Services (USCIS), a federal agency under the Department of Homeland Security (DHS), denied Petitioner's Form I-751 and issued him a Notice to Appear (NTA), which charged Petitioner as removable under section 237(a)(1)(D)(I) of the Immigration and Nationality Act. (*Id*., ¶ 8.) On May 11, 2004, Petitioner failed to appear for a hearing at the Detroit Immigration Court, and an immigration judge issued an order of removal *in absentia*. (*Id*., ¶ 9.)

On September 12, 2025, ICE took Petitioner into custody. (Pet., ECF No. 1, PageID.4.) Petitioner filed a motion to reopen removal proceedings on January 6, 2026, which the Detroit Immigration Court denied. (*Id*.; Immigration Judge Order, ECF No. 1-1, PageID.9–11.)

---

[1] The Response was filed on behalf of Kevin Raycraft, Markwayne Mullin, Todd Lyons, Todd Blanche, and the U.S. Department of Homeland Security (DHS). (*See* ECF No. 4.) Respondent Steven Hinkley filed a separate motion to dismiss him from the present action. (Resp., ECF No. 5.). As set forth in this opinion, the Court will dismiss Petitioner's § 2241 petition without prejudice. In light of this, the entry of the Court's opinion and corresponding judgment moots Hinkley's pending motion.

Petitioner remains in ICE custody. (Resp., ECF No. 4, PageID.17.) Respondents are working with Syrian authorities to issue Petitioner a Syrian passport so that Petitioner can be removed to Syria. (*Id.*, PageID.17, 20.)

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.    Merits Discussion

Petitioner contends that his detention under § 1231 is unlawful and violates the Due Process Clause of the Fifth Amendment. (Reply, ECF No. 6, PageID.48–49.) In response, Respondents argue that Petitioner's continued detention under 8 U.S.C. § 1231(a) remains lawful and does not implicate the constitutional concerns identified in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). (*See* Resp., ECF No. 4, PageID.20–21.)

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). In *Zadvydas v. Davis*, the Supreme Court held that following the removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled a total of six months in detention. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once

[a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*[2] "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

Petitioner argues that there is a good reason to believe that no significant likelihood of removal exists despite ICE attempts to obtain travel documents from Syria because there is no indication that Respondents have received any confirmation from Syria regarding the request for Petitioner's travel documents. (See Reply, ECF No. 6, PageID.48.) Moreover, Petitioner argues that "Syria's documented history of pausing removals due to military conflict, the absence of a scheduled interview, and the absence of any projected removal date" demonstrates there is a good reason to believe that no significant likelihood of removal exists. (*See* Reply, ECF No. 6, PageID.48.)

Respondents submitted a travel document request to Syria in October 2025. Although the Syrian government paused removals in March 2026, the Department of Defense "advised that the government of Syria has resumed operations regarding interviews and removals" less than a month later. (Suriano Decl. ¶ 20, ECF No. 4-1, PageID.30.) Respondents submitted an updated travel request "to the Syrian embassy in New York, New York" and are currently awaiting the embassy to "schedule an interview and issue a passport [for Petitioner]." (Id., ¶¶ 21–22, PageID.30–31.) Under these circumstances, the Court concludes that Petitioner's removal is "reasonably

---

[2] The Court notes that the Supreme Court recently held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022). The Court, however, did not reach Arteaga-Martinez's constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.

foreseeable."[3] *Zadvydas*, 533 U.S. at 699. The Court, therefore, will dismiss Petitioner's § 2241 petition.

## Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: June 25, 2026                                    /s/ Hala Y. Jarbou
                                                        HALA Y. JARBOU
                                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[3]Since Petitioner's removal is reasonably foreseeable, Respondents may continue to detain Petitioner under § 1231(a). See *Martinez v. Larose*, 968 F.3d 555, 565 (6th Cir. 2020) (declining to impose "a general rule that aliens detained under § 1231(a) must receive a bond hearing" after a specific period).

5